Filed 9/5/13  In re V.G. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re V.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>            v.<br><br>V.G.,<br><br>    Defendant and Appellant. | F066635<br><br>(Tulare Super. Ct. No. JJD065869)<br><br>**OPINION** |

---

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Jennifer Shirk, Judge.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Wiseman, Acting P.J., Kane, J. and Poochigian, J.

## INTRODUCTION

Appellant V.G., a minor, was the subject of multiple juvenile petitions filed in 2011 and 2012. On March 22, 2012, he was declared a ward of the juvenile court (Welf. & Inst. Code, § 602) and placed on probation, based on a felony violation of receiving stolen property (Pen. Code,[1] § 496) and misdemeanor being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)).

In March and April 2012, he committed additional offenses and an amended petition was filed on June 29, 2012. The instant appeal is based on the proceedings that occurred as a result of that amended petition. His appellate counsel discovered errors in the calculation of credits, fines, and fees, and advised the superior court of those errors. The superior court conducted a noticed hearing and made the requested corrections.

On appeal, his appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[2]

### Vandalism

On March 27, 2012, appellant, who was 16 years old, was a student at a school in Porterville. One of the classrooms had one restroom for both boys and girls. On that particular day, appellant used the restroom. The teacher had checked the restroom about 30 minutes before appellant went inside, and everything was in order. While appellant was in the restroom, the teacher heard the sound of metal-on-metal scratching from the inside. The teacher stood outside the restroom door and heard the same sound for 5 to 10 minutes. After appellant walked out, the teacher discovered that both sides of the metal restroom stall door had been "tagged" with the letters "TBN," for "Terra Bella Norte."

___

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] The facts are taken from the jurisdictional hearing and the probation report.

2.

**Disturbing the peace**

Around 7:30 a.m. on Sunday, April 15, 2012, Yuliana Jimenez and her husband, Jorge Maciel, were sleeping at the family's house in Ducor. Everyone woke up when they heard the sound of tires peeling out in front of the house. They looked outside and saw a white truck. There were two men in the truck, and their faces were covered with red handkerchiefs. The men were shouting, cursing, and throwing rocks and beer cans at the house. They were also waving red shirts or bandanas out of the windows. Jorge believed one man was wearing a red shirt, and the other man was wearing a black sweater.

Yuliana called the police. Jorge got into his car and drove after the truck. After about 200 feet, the truck turned around and appeared to drive toward Jorge's car, but the truck spun out of the control and came to a stop. The two men got out of the truck and ran into a nearby orchard. The passenger was wearing the black sweater.

Jorge continued to watch the two men in the orchard until several deputies arrived. Deputy McBride saw two men near the orchard. They were muddy and disheveled. The men saw McBride and walked toward his patrol car. They were out of breath from running. McBride ordered them to put their hands on their heads. Appellant was later identified as one of the men. He was carrying a black jacket, and he tossed it on the hood of the patrol car.

Deputy McBride determined appellant was on felony probation with a search condition. McBride searched the black jacket and found a grape knife blade in the pocket. The blade lacked a handle.

**The allegations**

On June 26, 2012, a juvenile wardship petition was filed in the Superior Court of Tulare County which alleged misdemeanor vandalism, based on the tagging of the school restroom on March 27, 2012 (§ 594, subd. (a)).

3.

On June 29, 2012, a first amended petition was filed which alleged count I, felony carrying a concealed dirk or dagger (§ 21310); count II, misdemeanor disturbing the peace (§ 415), based on the incident at the Maciel house on April 15, 2012; and count III, misdemeanor vandalism of the school restroom. Appellant denied the allegations.

## Jurisdictional hearing

On September 18, 2012, the court held the jurisdictional hearing. It dismissed, for insufficient evidence, count I, carrying a concealed dirk or dagger during the incident at the Maciel house. It found true the two misdemeanors: count II, disturbing the peace, and count III, vandalism.

## Supplemental petition

On September 28, 2012, appellant was in custody at the Tulare County Youth Facility when he attacked another minor. When two officers tried to remove appellant, he resisted and continued to hit the victim.

Based on this incident, another petition was filed on October 2, 2012, which alleged count I, misdemeanor battery (§ 242); and count II, misdemeanor resisting a peace officer (§ 148, subd. (a)(1)).

On October 3, 2012, appellant admitted these allegations, and the maximum term of confinement was set at four years three months.

## Dispositional hearing

On October 11, 2012, the court held the dispositional hearing for all pending cases and continued appellant's wardship. The court ordered him to completely restart a previously-ordered term in the Youth Facility Program. The court awarded him custody credits and imposed various fines and fees.

## Violation of probation

On December 3, 2012, a notice was filed which alleged appellant violated probation by failing to obey the rules and directives, assaulting another minor in the youth facility, and receiving numerous incident reports.

4.

On December 4, 2012, appellant admitted the probation violation.

On December 18, 2012, the court conducted the disposition hearing, continued the wardship, and found the maximum time of confinement was four years three months. The court allowed appellant to "redo" the youth facility program for 365 days. The court also made various findings about credits, fines, and fees.

On February 1, 2013, appellant filed a notice of appeal from the dispositional order of December 18, 2012.

**The superior court's correction of the record**

On April 7, 2013, while the instant appeal was pending, appellate counsel advised the superior court of certain errors in the dispositional order regarding appellant's custody credits, fines, and fees, and requested the court correct the errors rather than have the issues addressed on appeal.

On May 13, 2013, the superior court conducted a hearing and corrected the dispositional order as requested by appellate counsel. Thereafter, appellate counsel notified appellant about the corrections that were made.

## DISCUSSION

As noted *ante*, defendant's appellate counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on June 11, 2013, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.